ALBERT MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29578.   Promulgated April 30, 1953.

---

*Harry A. Carson, Esq.*, for the petitioner.
*Charles S. Gray, Esq.*, for the respondent.

282

OPINION.

WITHEY, *Judge:* Petitioner is an individual who kept his books and filed his income tax return for the taxable year on a cash basis. He believed that excessive profits realized by him during the taxable year would be renegotiated by the Navy Department in a subsequent year. In anticipation of contesting the renegotiation, he set up a reserve of $7,000 for renegotiation expense and deducted the amount as a business expense on his 1944 income tax return. No part of the reserve was paid by the petitioner in 1944. The Commissioner maintains that the reserve deducted by the petitioner is not an allowable deduction under the provisions of the Internal Revenue Code.

Petitioner concedes in his brief that business expenses may be deducted only in. the year during which they were paid or incurred even though such expenses may relate to transactions giving rise to income items in previous years. Regulations 111, section 29.43–1. He contends, though, that an exception to the aforementioned general principle is found in section 3806 [1] of the Internal Revenue Code,

---

[1] SEC. 3806. MITIGATION OF EFFECT OF RENEGOTIATION OF WAR CONTRACTS OR DISALLOWANCE OF REIMBURSEMENT.

(a) REDUCTION FOR PRIOR TAXABLE YEAR.—

(1) EXCESSIVE PROFITS ELIMINATED FOR PRIOR TAXABLE YEAR.—In the case of a contract with the United States or any agency thereof, or any subcontract thereunder, which is made by the taxpayer, if a renegotiation is made in respect of such contract or subcontract and an amount of excessive profits received or accrued under such contract or subcontract for a taxable year (hereinafter referred to as "prior taxable year") is eliminated and, in a taxable year ending after December 31, 1941, the taxpayer is

entitled "Mitigation of Effect of Renegotiation of War Contracts or Disallowance of Reimbursement." This section provides that income of any year which is renegotiated shall be reduced by the amount of excessive profits eliminated and repaid under the renegotiation. The amount declared excessive does not constitute a deduction for the year in which paid or incurred. The section also provides that repayment shall be made by crediting against the excessive profits eliminated the amount by which the tax for the year, subject to renegotiation, is decreased by reason of the provisions of section 3806 (a) (1). *Morris Kurtzon*, 17 T. C. 1542. Petitioner argues that since the excessive profits must be related back to the year the income was received, under section 3806 (a) (3), he should be allowed to deduct the costs of renegotiation in the year when he earned the renegotiable income.

required to pay or repay to the United States or any agency thereof the amount of excessive profits eliminated or the amount of excessive profits eliminated is applied as an offset against other amounts due the taxpayer, the part of the contract or subcontract price which was received or was accrued for the prior taxable year shall be reduced by the amount of excessive profits eliminated. For the purposes of this section—

(A) The term "renegotiation" includes any transaction which is a renegotiation within the meaning of section 403 of the Sixth Supplemental National Defense Appropriation Act (Public 528, 77th Cong., 2d Sess.)* or such section, as amended, any modification of one or more contracts with the United States or any agency thereof, and any agreement with the United States or any agency thereof in respect of one or more such contracts or subcontracts thereunder.

(B) The term "excessive profits" includes any amount which constitutes excessive profits within the meaning assigned to such term by subsection (a) of section 403 of the Sixth Supplemental National Defense Appropriation Act (Public 528, 77th Cong., 2d Sess.), as amended,* any part of the contract price of a contract with the United States or any agency thereof, any part of the subcontract price of a subcontract under such a contract, and any profits derived from one or more such contracts or subcontracts.

(C) The term "subcontract" includes any purchase order or agreement which is a subcontract within the meaning assigned to such term by subsection (a) of section 403 of the Sixth Supplemental National Defense Appropriation Act (Public 528, 77th Cong., 2d Sess.), as amended.*

  *   *   *   *   *   *   *

(3) DEDUCTION DISALLOWED.—The amount of the payment, repayment, or offset described in paragraph (1) or paragraph (2) shall not constitute a deduction for the year in which paid or incurred.

(4) EXCEPTION.—The foregoing provisions of this subsection shall not apply in respect of any contract if the taxpayer shows to the satisfaction of the Commissioner that a different method of accounting for the amount of the payment, repayment, or disallowance clearly reflects income, and in such case the payment, repayment, or disallowance shall be accounted for with respect to the taxable year provided for under such method, which for the purposes of subsections (b) and (c) shall be considered a prior taxable year.

*Section 403 of the Sixth Supplemental National Defense Appropriation Act (Public 528, 77th Congress, 2d Sess.), is set out as section 1191 of Appendix to Title 50, War.

(b) CREDIT AGAINST REPAYMENT ON ACCOUNT OF RENEGOTIATION OR ALLOWANCE.—

(1) GENERAL RULE.—There shall be credited against the amount of excessive profits eliminated the amount by which the tax for the prior taxable year under Chapter 1, Chapter 2A, Chapter 2B, Chapter 2D, and Chapter 2E, is decreased by reason of the application of paragraph (1) of subsection (a) ; and there shall be credited against the amount disallowed the amount by which the tax for the prior taxable year under Chapter 1, Chapter 2A, Chapter 2B, Chapter 2D, and Chapter 2E, is decreased by reason of the application of paragraph (2) of subsection (a),

He also contends that to require him to deduct the expense of renegotiation when he pays it would distort his income for the year he earned the renegotiable income and also for the year he paid the cost of renegotiation. He states that, even though Congress made no specific provision for renegotiable expenses comparable to section 3806, to deny him the right to deduct such reserve would be to repudiate the effect of section 3806. We can find no basis in section 3806 for petitioner's position.

The section petitioner relies on relates to an administrative function of the Commissioner whereby he credits against the amount of excessive profits eliminated the amount by which the tax for the prior taxable year, under Chapters 1, 2A, 2B, 2D, and 2E, is decreased by reason of the application of paragraph (1) of subsection (a). *National Builders, Inc.*, 12 T. C. 852, 860. Prior to the enactment of this section the only procedure provided for recovery of excess income tax paid under circumstances similar to those here at issue was that the renegotiated taxpayer must repay the entire excessive profits and then file a claim for refund for the overpayment of income taxes. Section 3806 provides for the repayment of only the difference between the excessive profits and the amount of overpayment of taxes. This section relates only to a tax credit. *Morris Kurtzon, supra.* It does not provide any deductions in addition to those found in section 23 of the Code.

In the case of *Cramp Shipbuilding Co.*, 17 T. C. 516, 532, affd. 202 F. 2d 280, the Commissioner attempted to relate back to a prior year recoveries from Government contracts made in later years. We there held that section 3806 concerns only decreases in profits. Had Congress desired to keep the renegotiation years open for adjustment of subsequent renegotiable items of income and expense it would have so provided. By expressly limiting section 3806 to excessive profits, Congress intended that the usual methods of accounting applicable to income and deductions should be maintained.

Section 41 provides that deductions shall be taken in the taxable year "paid or accrued" or "paid or incurred" depending on the taxpayer's method of accounting. Petitioner was on the cash basis in the taxable year and this Court has held that in the case of such taxpayers only amounts paid during the year are allowable deductions. *Consolidated Asphalt Co.*, 1 B. T. A. 79. Therefore, since this reserve was not paid, it is not an allowable deduction.

*Decision will be entered for the respondent.*